**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **In re:** | : | **Chapter 7** |
|  | : |  |
| **CALNSHIRE ESTATES, LLC,** | : |  |
|  | : | **Bankruptcy No.: 17-14457-elf** |
| **Debtor.** | : |  |
|  | : |  |

## NOTICE OF SERVICE OF SUBPOENA SEEKING PRODUCTION OF DOCUMENTS

PLEASE TAKE NOTICE that pursuant to Federal Rule of Bankruptcy Procedure 9016 and Federal Rule of Civil Procedure 45, **Prudential Savings Bank** ("Prudential"), by and through undersigned counsel, will serve via overnight delivery a subpoena for the production of documents upon **Department of Treasury – Internal Revenue Service** in connection with Prudential's Motion for Relief from Stay and the Chapter 7 Trustee's Opposition thereto.  A copy of the Subpoena is attached hereto.

Respectfully submitted,

Date:   June 6, 2018  

By: */s/ Edmond M. George*
    Edmond M. George, Esquire
    Michael D. Vagnoni, Esquire
    Angela L. Baglanzis, Esquire
    Obermayer Rebmann Maxwell & Hippel LLP
    Centre Square West
    1500 Market Street, 34th Floor
    Philadelphia, PA  19102
    Telephone – (215) 665-3000
    Facsimile – (215) 665-3165
    E-mail – edmond.george@obermayer.com
    *Counsel to Prudential Savings Bank*

B2570 (Form 2570-Subpoena to Produce Documents, Information, or Objects or to Permit Inspection in a Bankruptcy Case or Adversary Proceeding)(12/15)

# UNITED STATES BANKRUPTCY COURT

**FOR THE EASTERN**    District of    **PENNSYLVANIA**

In re: CALNSHIRE ESTATES, LLC,          Case No. 17-14457-elf
               Debtor.

               Chapter 7

           Plaintiff,

   v.                         Adv. Proc. No. _____

           Defendant.

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:    **Department of Treasury – Internal Revenue Service**
               *(Name of the person to whom the subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below, the following documents, electronically stored information, or objects, and to and permit inspection, copying, testing, or sampling of the material:  **SEE ATTACHMENT "A"**

| PLACE | DATE AND TIME |
|---|---|
| **Obermayer Rebmann Maxwell & Hippel LLP**<br>**c/o Edmond M. George, Esq.**<br>**Centre Square West**<br>**1500 Market Street, 34th Floor**<br>**Philadelphia, PA 19102** | **June 22, 2018 @ 10:00 a.m.** |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designate object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:____June 6, 2018_____

        CLERK OF COURT

                          OR

_____              _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing **Prudential Savings Bank**, who issues or requests this subpoena, are: **Edmond M. George, Esquire, Obermayer Rebmann Maxwell & Hippel LLP, Centre Square West 1500 Market Street, 34th Floor Philadelphia, PA 19102** , edmond.george@obermayer.com, phone: 856-795-3300

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570-Subpoena to Produce Documents, Information, or Objects or to Permit Inspection in a Bankruptcy Case or Adversary Proceeding)(12/15)

Bankr. No. 09-20654(JNP); Adv. No. 14-01454(JNP)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for (*name of individual and title, if any*) _____

on (*date*)_____ .

☐  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (*date*) _____; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

Additional information regarding attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction --- which may include lost earnings and reasonable attorney's fees --- on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## Written Statement Pursuant to Non-IRS Matters

On June 30, 2017, Calnshire Estates, LLC (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Calnshire owns real estate located in West Caln Township, Chester County, Pennsylvania (the "Property"). The Property was to be developed as single family residential real estate consisting of 26 lots.

Prudential Saving Bank ("Prudential") holds a secured claim in the amount of $2,773,217.49 against the Debtor arising out of a certain Open End Mortgage and Security Agreement between Prudential and Calnshire dated on or about July 11, 2011. Upon motion filed by Prudential to convert the Debtor's case, on or about December 18, 2017 the Debtor's case was converted from a Chapter 11 case to a Chapter 7. On December 20, 2017, Bonnie B. Finkel was appointed as the Chapter 7 Trustee (the "Trustee"). In the course of the Chapter 7, the Meeting of Creditors was held on May 2, 2018. The case has been designated as an asset case.

On or about May 1, 2018, Prudential filed a Motion for Relief from the Automatic Stay ("MFR") with respect to the Property. The Trustee filed opposition to the MFR ("Opposition") and a hearing is currently scheduled for June 28, 2018. In the Trustee's Opposition, the Trustee has asserted a ten (10) year look-back period in connection with claims that could have been brought by the IRS against the Debtor.

On May 10, 2018, the Department of Treasury – Internal Revenue Service, through Bankruptcy Specialist Julia Carlone, at the 600 Arch Street, Philadelphia PA location submitted a proof of claim for Internal Revenue Taxes for the tax years 2013-2016 totaling $5,000.00, which was assigned Claim 37-1 on the Court's official claims registry.

In connection Prudential's MFR and the positions taken by the Trustee in her Opposition, Prudential seeks limited documents, including notices of assessment, and other communications to the Debtor from the IRS relating to tax delinquencies that would have been issued to the Debtor. The documents are relevant to the MFR currently pending before the bankruptcy court. Prudential does not seek release of the Debtor's tax returns and therefore avers that tax notices are not confidential, may be disclosed to Prudential, and that consent from the Debtor as to the disclosure of the tax notices is not necessary. The documents requested by Prudential are not available from any other source.

A declaration by an IRS officer or employee would suffice in lieu of deposition testimony. The demand allows a reasonable time for compliance, as it is more than 15 days from service.

## DOCUMENTS TO BE PRODUCED

1.      A copy of each IRS Notice CP162 issued to Calnshire Estates LLC, One South State Street Newtown, PA 18940 (Taxpayer ID No. ending 2297) for the tax years 2006 through 2017.

1

5271712

2.     A copy of each IRS Notice CP215 issued to Calnshire Estates LLC, One South State Street Newtown, PA 18940 (Taxpayer ID No. ending 2297) for the tax years 2006 through 2017.

3.     A copy of each IRS notice of assessment issue to Calnshire Estates LLC, One South State Street Newtown, PA 18940 (Taxpayer ID No. ending 2297) for the tax years 2006 through 2017.

4.     A copy of any IRS notification of tax liability sent to Calnshire Estates LLC, One South State Street Newtown, PA 18940 (Taxpayer ID No. ending 2297) identifying a tax penalty for the tax years 2006 through 2017.

5.     A copy of each IRS Letter 168C sent to Calnshire Estates LLC, One South State Street Newtown, PA 18940 (Taxpayer ID No. ending 2297) for the tax years 2006 through 2017.

6.     A copy of all other written communications between the IRS and Calnshire Estates LLC, One South State Street Newtown, PA 18940 (Taxpayer ID No. ending 2297) for the tax years 2006 through 2017.

5271712